Roosevelt COLE et al., Plaintiffs,

v.

Forrest TUTTLE et al., Defendants.

No. DC 73–73–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Aug. 31, 1978.

Lewis Myers, Jr., North Miss. Rural Legal Services, Oxford, Miss., David M. Lipman, Lawyers Committee For Civil Rights Under Law, Washington, D. C., Ronald Reid Welch, Miss. Prisoners Defense Committee, Jackson, Miss., for plaintiffs.

M. Collins Bailey, Bailey & Trusty, Batesville, Miss., for defendant Tuttle.

Will A. Hickman, Sumners & Hickman, Oxford, Miss., for defendant Members of Board of Supervisors.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice was initiated by the filing of a complaint on June 22, 1973. Originally, plaintiffs were represented by Honorable Lewis Myers, Jr. and Honorable David M. Lipman, staff attorneys for the North Mississippi Rural Legal Services, a Community Services Administrative program. These attorneys represented plaintiffs during the trial stages of the action. During the progress of trial, Mr. Lipman became a staff attorney for the Mississippi Prisoners' Defense Committee, with headquarters in Jackson, Mississippi, but continued in his new connection with the representation of plaintiffs.

Plaintiffs secured the court's permission to appeal in forma pauperis from certain orders entered by the court to the United States Court of Appeals for the Fifth Circuit. They were represented on appeal by the Honorable Ronald Reid Welch, an attorney with the Mississippi Prisoners' Defense Committee.

Although pertinent to the issues now before the court, a recitation here of the history of the litigation sub judice would unduly encumber this memorandum. For this reason, a history of the litigation is attached as an appendix.

The sole remaining issue before the court relates to the allowance of attorneys' fees. The Fifth Circuit's mandate provided "It is further ordered that appellants' motion for remand on the issue of attorneys' fees in light of the Civil Rights Attorney's Fees Awards Act of 1976, is granted."

The Fifth Circuit's remand does not state whether the court should consider the allowance of fees only at the trial level or at both the trial and appellate levels. Attorneys for plaintiffs seek an allowance of fees for trial work and for services on appeal. The court concludes that the issue is live as to fees at both levels and will so consider the issue.

## SHOULD THE ALLOWANCE OF ATTORNEYS' FEES BE MADE AS A PART OF THE COURT COSTS?

An order was entered by the court on October 30, 1975, denying the award of an attorney fee for plaintiffs' attorney. In that order, the court held:

Based upon the evidence heretofore introduced and the entire proceedings herein, the court finds that the plaintiffs have failed to prove by a preponderance of the evidence that in the operation of the Panola County Jail and in providing custody and incarceration for plaintiffs and members of the class represented by plaintiffs in the manner as determined by the court in its Judgment and Memorandum of Decision of February 19, 1975, defendant acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or that defendant was obdurately obstinate in responding to plaintiffs' demands.

In the absence of such a finding the plaintiffs are not entitled to an award of an attorney fee.

The court's decision to deny the award of attorneys' fees as evidenced by its October 30, 1975, order was based on the finding that plaintiffs had not brought the case within the rule announced in *Alyeska Pipeline Service Company v. The Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The determination of the issue must now be made by a different standard. Since the court's decision to deny the award, the Congress has passed the Civil Rights Attorney's Fees Awards Act of 1976, which amended 42 U.S.C. § 1988. This Act became effective October 19, 1976, whereas the court's decision was entered on October 30, 1975.

The Act added the following provision to 42 U.S.C. § 1988:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C.A. § 1988 (Supplementary Pamphlet 1974–1977).

The rule is now well established that section 1988, as amended in 1976, applies to all cases pending at the time of enactment. Since the attorney fee issue in the action sub judice was pending and had not been finally determined at the time of the enactment of the statute, the court finds that the Civil Rights Attorney's Fees Awards Act of 1976 authorizes and provides a basis for the allowance of attorneys' fees to counsel for the plaintiffs. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, 1978; *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Rainey v. Jackson State College,* 551 F.2d 672 (5th Cir. 1977). As to the exercise by the court of the discretion vested in it by the Act, such exercise must be limited by *Northcross v. Board of Education,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202,

37 L.Ed.2d 48 (1973) and its progeny. In *Northcross* the court held that "if other requirements of § 718 are satisfied, the successful plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" The court's examination of the record sub judice does not disclose any "special circumstances" which would justify denial of an award of attorneys' fees by the court.

## THE REQUESTS FOR FEE ALLOWANCE AND EXPENSES

As reflected by Appendix No. 2 attached hereto, the following requests are made:

A. Attorneys' Fees.

| | | |
|---|---|---|
| 1. During the trial of the case, the sum of | $9,140.00 | |
| 2. After remand in the trial court, the sum of | 2,860.00 | |
| Total fees requested for work in the trial court | | $12,000.00 |
| 3. Services on appeal, the sum of | 7,260.00 | |
| Total attorneys' fees requested | | $19,260.00 |

B. Expenses.

| | | |
|---|---|---|
| 1. On appeal | $ 222.20 | |
| 2. On remand | 89.70 | |
| Total expenses requested | | $311.90 |

Appendix No. 2 contains as complete a breakdown and itemization of the fees and expenses requested as can be gleaned from the record.

## THE STANDARD UPON WHICH TO JUDGE THE ALLOWANCE OF ATTORNEYS' FEES

The allowance of reasonable attorneys fees is governed in this circuit by the criteria established by the Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Johnson* enumerates 12 criteria which should be taken into account by the district court in the award of reasonable attorneys' fees.

The record here reflects that services were furnished plaintiffs by the North Mississippi Rural Legal Services and the Mississippi Prisoners' Defense Committee.

The services were rendered through regularly employed staff attorneys. An allowance of fees should not be denied or diminished because plaintiffs' attorneys were employed or funded by a civil rights organization and/or tax exempt foundation or because the attorneys do not exact a fee from plaintiffs. *Thompson v. Madison County Board of Education,* 496 F.2d 682, 689 (5th Cir. 1974); *Fairley v. Patterson,* 493 F.2d 598 (5th Cir. 1974).

The facts in the action sub judice render several of the criteria in *Johnson* immaterial here on the issue of a reasonable fee. These are (1) the preclusion of other employment by the attorney due to acceptance of the case; (2) whether the fee is fixed or contingent; (3) time limitations imposed by the client or the circumstances; (4) the "undiserability" of the case; and (5) the nature and length of the professional relationship with the client. *Johnson v. Georgia Highway Express, Inc., supra* at 717–719.

There remains, however, for the court's consideration, the remaining criteria listed in *Johnson.* These are: (1) the time and

labor required to properly represent the plaintiffs against the defendants; (2) the novelty and difficulty of the question presented by the litigation; (3) the skill requisite to perform the legal services properly; (4) the customary fee; (5) the amount involved and the results obtained; (6) the experience, reputation and ability of the attorneys and (7) awards in similar cases.

This litigation does not involve a novel or difficult question. The skill required to perform adequate legal services for plaintiffs is that skill which any attorney who practices before the court is required to possess in order to effectively handle the average case. Plaintiffs' attorneys are experienced and fully capable of handling litigation such as that posed by the instant case. The issue involved an important issue for members of the general public who came into contact with the officials of Panola County who are charged by law to operate a jail which measures up to constitutional standards. The court will take into consideration all of these matters, as well as the pertinent criteria listed in *Johnson* in reaching a decision on the issues presented.

## GENERAL FINDINGS

A. The time and labor required.

1. The trial court.

■ An analysis of the 228.5 hours estimated by counsel to have been spent on the trial feature of the action sub judice reveals that only one day was required to present the matter to the court and on one other occasion counsel spent 2 hours in the oral presentation of a motion. For the court appearances, counsel logged 16 hours, 7 for each of the two trial attorneys on the day of the trial, and 2 hours for one attorney on presentation of the motion. The balance of the time, 212.5 hours, was spent in research, drafting pleadings, interviewing witnesses, inspecting the Panola County Jail, analyzing pleadings of the adverse parties, taking depositions, and pre-trial work of a similar nature.

The court has concluded that the trial attorneys devoted more time to the case than was reasonably required for an adequate presentation of plaintiffs' cause of action. It is evident that plaintiffs' attorneys were zealous in pursuing the cause of their clients, but for a one day trial, the court does not feel that counsel was justified in devoting over 200 hours in pre-trial work. The court finds that a reasonable amount of time for preparing the case for trial would not exceed 100 hours. The court will use as a basis a total of 116 hours as an appropriate time schedule for the work of trial counsel.

2. Work on appeal and remand.

■ Counsel for plaintiffs devoted a portion of the time on appeal in briefing and presenting an issue upon which plaintiffs did not prevail—the dismissal from the suit of the Panola County Board of Supervisors. An award for this work is not justified.

■ On the two questions presented on appeal, one was resolved by stipulations, the other, by the enactment by Congress after the case was tried in this court of an Act amending 42 U.S.C. § 1988.

The court does not have the benefit of the briefs of counsel on appeal. The simplicity of the issues on appeal leads the court to determine that the amount of time charged to the case is excessive and was not necessary for an adequate presentation of the issues to the court of appeals.

The court has concluded that a reasonable amount of time which can be justified by the record for work on appeal and on remand in the trial court is a total of 50 hours.

B. Expenses.

■ The court finds that plaintiffs are entitled to an expense allowance for the reproduction of briefs in the Court of Appeals in the sum of $214.70, but are not entitled to an allowance for costs for (a) postage, (b) clerical or typing services, or (c) reproduction of motions and memoranda after remand. These items are such as should be considered as "overhead" in the operation of a law office, and in the same catego-

ry as costs of stenographic assistance, office rent, utilities and the like. This rule controls in the ordinary case, such as exists here, unless extraordinary or unusual circumstances should dictate a different approach.

C. The customary fee and award in similar cases.

■ The court has been required to determine the customary charges of the members of the bar of the court, in a number of cases.

On August 10, 1978, Chief Judge Keady had the occasion to comment on the customary fee for strictly legal work in the Northern District of Mississippi. Judge Keady said in *Holladay v. Roberts*, No. EC76–114–K, (N.D.Miss.1978):

> The maximum hourly rate for strictly legal work in federal court litigation in the Northern District of Mississippi is $45 per hour; for work not of a strictly legal nature, the rate is $35 per hour. *Neely v. City of Grenada*, 77 F.R.D. 484, 486 (N.D. Miss.1978).

This court adopted the *Holladay* standard in *Armstrong v. Reed*, 462 F.Supp. 496 (N.D.Miss.1978). *See also, Payne v. Travenol Laboratories, Inc.*, 74 F.R.D. 19 (N.D. Miss.1976); *Ayers v. Western Line Consolidated School District*, 404 F.Supp. 1225 (N.D.Miss.1975); *Armstead v. Starkville Municipal Separate School District*, 395 F.Supp. 304 (N.D.Miss.1975).

D. The award.

■ The court has given careful consideration to all pertinent criteria expressed in *Johnson*, the affidavits of counsel and the entire record herein. The court has also given effect to his own expertise in matters of this kind.

The court concludes that a reasonable attorney fee to be awarded plaintiffs' counsel is $7,500. An appropriate division is $5,000 for trial court work and $2,500 for appellate court services, and between the two organizations the award is divided, $4,000 to North Mississippi Rural Legal Services and $3,500 for Mississippi Prison-

ers' Defense Committee. Expenses amounting to $214.70 is awarded Mississippi Prisoners' Defense Committee.

E. Payment of Allowance.

The attorneys' fees of $7,500, and expense allowance of $214.70, are to be adjudged as a part of the court costs against the individual defendants in their official capacities only, and the County of Panola, to be paid from funds appropriated or to be appropriated for the operation of the Panola County Jail.

An appropriate order is being entered.

## APPENDIX

## NO. 1

## CASE HISTORY

1. The action was filed June 22, 1973. After the usual pre-trial discovery the action came on for trial before the court without a jury. During the pre-trial period, on November 27, 1973, the court sustained a motion by the defendant members of the Board of Supervisors of Panola County to dismiss the complaint and discharge them as defendants in this case. *Cole v. Tuttle*, 366 F.Supp. 1252 (N.D.Miss.1973), *appeal dismissed*, 540 F.2d 206 (5th Cir. 1976) (Appeal dismissed because notice of appeal was untimely and therefore Court of Appeals was without jurisdiction.)

2. The trial was held October 31, 1974, and a memorandum of decision and judgment was entered on February 19, 1975. The court granted certain injunctive relief for the plaintiffs, required the sheriff to submit a report to the court within 60 days detailing the steps taken to comply with the judgment, ordered that plaintiff should recover of defendants such costs as in due course might be taxed and retained jurisdiction of the case for such other orders as might be necessary.

3. On October 30, 1975, the court entered 2 orders. (1) The court entered an order denying plaintiffs' objections to defendant's report detailing steps taken in

compliance with the court's judgment of February 19, 1975. That order found that there was clear and convincing evidence that it was necessary for defendant to segregate the races in the "bull pens" of the jail in order to protect the prisoners in his charge from real or reasonably apparent bodily injury. (2) The court entered an order denying plaintiffs' motion for allowance of attorney fees.

4. On November 11, 1975, plaintiffs filed notice of appeal from the 2 orders entered by the court on October 30, 1975, and on the following day, November 12, 1975, presented a motion to the court for Certification of Appeal under 28 U.S.C. § 1292(b) and a motion to appeal in forma pauperis. The court granted both motions by orders entered November 17, 1975. The order of certification provided for the appeal on two grounds.

(a) Whether it is constitutionally permissible to segregate by race the inmates of a penal institution under the circumstances set forth in the court's order in this case dated October 30, 1975; and

(b) Whether counsel for plaintiffs are entitled to an award of attorneys fees for their successful prosecution of this cause.

The questions certified were identical to the request for certification.

5. On December 12, 1975, the court entered an order requiring the defendants to adopt certain rules and regulations for the operation of the Panola County Jail.

6. On November 28, 1977, the Fifth Circuit entered an order in the case directing this court to enter a permanent injunction in accordance with a stipulation made by the parties and remanding to this court the issue of attorney's fees in light of the Civil Rights Attorney's Awards Act of 1976. The Court of Appeals mandate, dated November 28, 1977, provided:

In accordance with the stipulation of the parties, this cause is hereby remanded to the United States District Court with instructions to enter an order permanently enjoining defendant Forrest Tutle, his current successor in office, David M. Bryan, Sheriff of Panola County, and his successors in office, and all persons in privity with them and their successors, including agents, subordinates, and employees, to refrain from engaging, or continuing to engage, in racially discriminatory practices and procedures of any nature in the operation of the Panola County Jail, including the assignment of inmates to cells, cell-blocks, or "bullpens", except where racial separation of individual inmates shall be necessary to jail security or the physical safety of inmates, such as in the case of racially motivated disturbances. Racial separation of the individual inmate(s) involved for such security or safety reasons shall continue no longer than is reasonably necessary to accomplish its purpose.

IT IS FURTHER ORDERED that appellants' motion for remand on the issue of attorneys' fees in light of the Civil Rights Attorney's Fees Awards Act of 1976,

is GRANTED.

7. On December 2, 1977, the court entered an order which required the parties to submit a proposed consent order in accordance with the stipulation and to establish a timetable for the submission of the issue of attorney fees.

8. On January 5, 1978, the court approved and entered a proposed consent order submitted by the parties which contained provisions of the stipulation made by the parties while the case was on appeal.

9. On December 20, 1977, plaintiffs filed a supplemental motion for an award of attorney's fees and costs and supported the same with affidavits. Defendants submitted their reply memorandum on January 17, 1978. Plaintiffs submitted a rebuttal memorandum on January 29, 1978.

10. Plaintiffs served a copy of their supplemental motion for an award of attorney's fees and costs on the Board of Supervisors of Panola County which had earlier been dismissed as defendants in this case. On January 25, 1978, counsel for the Board of Supervisors of Panola County filed a

motion to stay ruling on plaintiffs' supplemental award for attorney's fees and costs, and the court granted the stay by an order entered June 16, 1978, until the Supreme Court decided *Hutto v. Finney,* —— U.S. ——, 98 S.Ct. 2565, 57 L.Ed.2d 522, which had been orally argued before the court on February 28, 1978.

## APPENDIX

## NO. 2

I. <u>Schedule of Hours in Trial Court.</u>

    A. Before appeal.

| Type of Service | Myers | Lipman |
|---|---|---|
| 1. Interviews with witnesses | 20 | 12 |
| 2. Precomplaint research | 6 | 6.50 |
| 3. Drafting complaint | 9.5 | 1.5 |
| 4. Analysis of answer | .75 | 1 |
| 5. Analysis and research in re: motion to dismiss | 3 | 1.5 |
| 6. Preparation and research in re: motion to dismiss of Board of Supervisors | 2.5 | 2 |
| 7. Court – Appearance, oral argument | 2 | 0 |
| 8. Analysis of memorandum submitted on motion to dismiss by Board of Supervisors | 1 | 1 |
| 9. Legal and factual research, drafting in re: plaintiffs first set of interrogatories and request for production of records | 4 | 13 |
| 10. Preparation of notice to clerk of change of address | | .25 |
| 11. Preparation for deposition | 1.5 | 0 |
| 12. Research and drafting of motion to compel discovery and for on site inspection of jail | 2.5 | 0 |
| 13. Preparation and research in re: motion and memorandum to terminate deposition session and for production order | 1 | 2 |
| 14. Analysis of defendants' opposition to motion | 2 | .5 |
| 15. Deposition preparation | 3.5 | 0 |
| 16. Taking of depositions | 5 | 0 |
| 17. Preparation: conferences with experts | 4.5 | 0 |
| 18. Inspection of jail | 4 | |
| 19. Preparation of motion for injunction relief | 9.5 | 2 |
| 20. Preparation for trial, reviewing documents, interviewing witnesses, etc. | 29 | 25.5 |
| 21. Trial attendance | 7 | 7 |
| 22. Preparation of letters in re: Board of Supervisors expenditures | | 1.5 |
| 23. Preparation of proposed findings of fact | 5.5 | |
| 24. Analysis and conference regarding court's memorandum of decision and judgment | 1 | 1 |
| 25. Preparation of response to defendants' proposed rules and regulations | 2 | 15 |
| 26. Preparation of motion for extension of time | 0 | .5 |
| 27. Drafting plaintiffs objections to defendants report, including investigation in regard thereto | 2 | 6 |
| Total | 128.75 | 99.75 |
| Grand Total: | 228.5 hours | |

Amount requested: 228.5 hours at $40.00 per hour.         **$9,140.00**

Division between the Two Organizations Furnishing Legal Services.

1. North Mississippi Rural Legal Services:

   a. Hon. Lewis Myers, Jr. 128.75 hours at
      $40.00 per hour                                    $5150.00

   b. Hon. David M. Lipman, 36 hours at $40.00
      per hour                                           1440.00
   Total claimed by North Mississippi Rural Legal
   Services                                                         $6,590.00

2. Total claimed by Mississippi Prisoners'
   Defense Committee:

   a. Hon. David M. Lipman, 63.75 hours at
      $40.00 per hour                                    $2550.00   2,550.00

Summary:

North Mississippi Rural Legal Services                  $6590.00
Mississippi Prisoners' Defense Committee                 2550.00

   Total                                                           $9140.00

B. After Appeal on Remand.

   Plaintiffs' appellate counsel, Honorable Ronald Reid Welch, claims on behalf of the Mississippi Prisoner's Defense Committee for work performed as follows:

1. Research and drafting rebuttal memorandum
   to defendants reply memorandum — 5 hours
   at $60.00 per hour                                   $ 300.00

2. Non-professional time and labor required,
   of a clerical nature at $5 to $10, per hour,
   2 hours, either the sum of $10.00 or $20.00,
   the lower being                                        10.00

   Total amount                                                    $ 310.00

   The demand for trial work for the Mississippi Prisoners' Defense Committee for trial work is thus increased to ($2550.00 plus $310.00)

   Total                                                           $2860.00

II.  Schedule of Hours for Appellate Work.

The appellate work was performed by Honorable Ronald Reid Welch of the Mississippi Prisoner's Defense Committee.  The request for an award for this work is itemized as follows:

A.  Research and drafting brief on appeal;  90
    hours at $60.00 per hour                                    $5,400.00

B.  Research and drafting motion for clarification
    of opinion;  1 hour at $60.00 per hour                          60.00

C.  Research and drafting reply brief for plaintiff;
    25 hours at $60.00 per hour                                  1,500.00

D.  Research and drafting stipulation and drafting
    motion letter to court to vacate and remand on at-
    torney fees issue; 5 hours at $60.00 per hour                  300.00

    Total appellate fee                                         $7,260.00

III.  Schedule of Request for Allowance of Expenses.

A.  On Appeal.

    1.  Original brief on appeal, 72 pp. x 23 copies
        at 10 cents per page                                      $165.60

    2.  Reply brief, 17 pp. x 23 copies at 10 cents
        per page                                                    39.10

    3.  Brief covers (25 printed)                                   10.00

    4.  Postage                                                      7.50

        Total expenses                                           $222.20

B.  On Remand.

    1.  Supplemental Motion, 63 pp. (including ex-
        hibits) x 7 copies at 10 cents per page                   $44.10

    2.  Memorandum in support, 18 pp. (including
        exhibit) x 7 copies at 10 cents per page                   12.60

    3.  Motion for extension and Notice of Motion
        5 pp. x 7 copies at 10 cents per page                       3.50

    4.  Typing of above pleadings, Visions, Inc.,
        Jackson, MS., 4.5 hours at $5.00 per hour                  22.50

    5.  Postage                                                      7.00

        Total expenses                                            $89.70

IV. Summary.

The request for expense allowance may be summarized as follows:

A. Necessary expenses on appeal      $222.20

B. Necessary expenses on remand     <u>89.70</u>

Total                          $311.90