Milburn J. CROWE, Plaintiff,

v.

Earl S. LUCAS, Mary S. Huddleston, Herman Johnson, Harold Ward, Alfred Thompson, Avon Latham, Oliver Knox, Shelton Woodley, Sam Lane, James Jones and James Carmichael, Defendants.

No. DC 75-9-S.

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 10, 1979.

Robert Lawson Holladay, Townsend, McWilliams & Holladay, Drew, Miss., Charles V. McTeer, McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiff.

Robert G. Johnston, Alexander & Johnston, Cleveland, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon plaintiff's motion for an award of attorney's fees. Counsel for plaintiff have submitted supporting memoranda and affidavits as to the amount of time and expenses which they claim to have spent in connection with this rather protracted case. Counsel for the defendants have also submitted a memorandum in which they challenge the claim to some of the expenses, as well as a number of hours which allegedly are "not sufficiently identifiable with legal work" to be compensable. Defendants do not argue that plaintiff's counsel are not entitled to attorney's fees. That issue is not before the court.[1] Under 42 U.S.C. § 1988, a federal trial court is given discretion to award reasonable attorney's fees to the prevailing party in actions seeking to vindicate constitutional rights. Certainly this action comes within the purview of that statute, and the allowance of fees is, as the language of the section indicates, within the sound discretion of this court, subject to certain standards and criteria which will be discussed in this memorandum of decision. The only issue before the court, then, is the proper amount of fees which should be awarded to plaintiff's counsel.

The facts upon which this action is based are sufficiently set forth in the opinion of the Fifth Circuit, *Crowe v. Lucas*, 595 F.2d 985 (5th Cir. 1979) and need not be repeated in detail here. The plaintiff filed his complaint in early 1975, alleging deprivation of his civil rights by certain officials of the City of Mound Bayou, Mississippi. After a four-day trial of the case, which began on

1. On appeal of the action sub judice, the U.S. Court of Appeals for the Fifth Circuit, in reversing the case and reinstating the jury's verdict and the original judgment entered therein, stated:

Crowe has requested that he be awarded attorneys' fees. 42 U.S.C. § 1988 provides, in part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs.

Section 1988 is applicable to this case since the appeal was pending when the statute was passed. *Rainey v. Jackson State College*, 551 F.2d 672, 675–76 (5th Cir. 1977). In *Gore v. Turner*, 563 F.2d 159, 163 (5th Cir. 1977), we held that a successful civil rights plaintiff should ordinarily recover an attorney's fee under section 1988 unless special circumstances would render such an award unjust. We find that no special circumstances justifying a denial of attorneys' fees exist here. Indeed, the jury here awarded punitive damages to Crowe, finding that the defendants had acted with malice to deprive Crowe of his civil rights. To deny a plaintiff an attorney's fee when malice has been found would contravene the purposes of which section 1988 was designed—to encourage plaintiffs deprived of constitutional rights to seek redress. *See Gore, supra,* 563 F.2d at 163–64. The case is remanded for the district court to award reasonable attorneys' fees to Crowe.

*Crowe v. Lucas,* 595 F.2d 985, 993–94 (5th Cir. 1979).

March 25, 1976, the jury returned a verdict in favor of the plaintiff, awarding him $5,000 in compensatory damages and $5,000 in punitive damages. This court granted the defendants' motion for judgment *non obstante verdicto.* The court also granted the plaintiff the right to appeal in forma pauperis, and the Fifth Circuit reversed the decision of this court and reinstated the jury verdict.

Plaintiff's counsel has requested, by way of motion and affidavits, the sum of $17,770 as reasonable attorney's fees. This represents a claim of 444½ hours at a rate of $40 per hour. In addition, counsel requests an award of $1,365.93 in expenses. To support these amounts, the plaintiff's attorneys have submitted an itemized list of hours and expenditures, indicating daily the time and money spent on this case from December, 1974, to March, 1979. The court has examined the list submitted by counsel, and has arrived at its own table of hours and expenses, which is attached hereto as "Appendix A". While there are some discrepancies between counsel's findings and the court's findings, these differences are inconsequential based on this court's opinion.

Counsel originally claimed 97 hours for time spent in the trial of the case, and 4 hours for time spent at the Fifth Circuit Court of Appeals in New Orleans. There were also 7 hours of pretrial conferences, and 6 hours of depositions. In a supplemental affidavit in support of the motion, however, the plaintiff's attorney claims an additional 11 hours of in-court time, because of a clerical error in his original itemization. This brings the total of in-court hours to 125, which closely approximates the total as found by this court.

As for the time spent out of court, the itemization submitted by plaintiff's attorneys is not specific with regard to the matters involved. In some instances, there are hours given with no corresponding description of the work undertaken. The plaintiff's supplemental memorandum attempts to correct this deficiency, but there is in some cases, no way to identify the hours with specific work on the case. On several occasions, for example, counsel simply listed their work as "research." This term is not sufficient enough for the court to determine whether counsel's time was well spent, that is, whether the hours listed were necessary for counsel to do the work required. It is for this reason that the court must use its discretion to determine the proper amount of out-of-court hours for which plaintiff's counsel should be compensated.

The allowance of reasonable attorney's fees is governed in this circuit by the criteria established in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The twelve criteria enumerated in that case have been considered by this court and will be taken into account in considering the award of fees to the plaintiff's attorneys.

### I. *Time and Labor Required*

As stated in *Johnson, supra,* the trial judge should, in considering this factor, "weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." 488 F.2d at 717. Based on its knowledge of the case and the facts upon which it is based, the court is of the opinion that the plaintiff's demand of compensation for over 300 hours of out-of-court work is not justified. The court concludes that the attorneys have devoted more time to the case than was reasonably necessary for an adequate presentation. In a case of this nature, the court finds that a reasonable amount of time spent in preparing for trial and for the appeal should not exceed 200 hours. Since the court does not have the benefit of counsel's appellate briefs, the court must base this conclusion upon its knowledge of the issues involved, and its experience in determining fee awards in similar cases.

### II. *Novelty and Difficulty of the Question.*

This action was based upon the defendants' conduct in depriving the plaintiff of his civil and constitutional rights. It was grounded on 42 U.S.C. § 1983, and also

involved questions of conspiracy and immunity from liability. It must be recognized that these issues are no longer novel ones, and the case cannot be viewed as involving difficult legal questions. This is not to say that the case was an easy one, or that counsel should not have spent a great deal of time with it. Plaintiff's attorneys have rendered their client a valuable legal service by accepting the challenge of this case and by pursuing it to a successful conclusion. Actions involving the civil rights statutes, however, merely by their number alone, indicate that this litigation did not involve novel or difficult questions.

### III. *The Skill Requisite to Perform the Legal Services Properly.*

Counsel for plaintiff demonstrated beyond question that they were possessed of the requisite degree of skill necessary for cases of this nature. The attorneys' work product, their preparation, and their skill in the courtroom evidenced a representation that was more than adequate. Judging from this court's experience with trial attorneys, the court concludes that counsel performed their service properly and with the requisite degree of skill. "Plaintiff's attorneys are experienced and fully capable of handling litigation such as that posed by the instant case." *Cole v. Tuttle*, 462 F.Supp. 1016, 1020 (N.D.Miss.1978).

### IV. *The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.*

Even though this case is now almost four years old, the court finds from an examination of counsel's affidavits and itemization of hours that the attorneys were not precluded from accepting other business in conflict with the interests advocated in this case. The court is satisfied that counsel was not foreclosed from pursuing other activities.

### V. *The Customary Fee.*

The plaintiff's attorneys have demanded a rate of $40 per hour for each hour of their work, whether it involved work in court or out of court. Taking into consideration what is customarily charged by attorneys in federal court litigation within this district, this court is satisfied that $40 per hour will amply compensate the attorneys for time spent in court and for immediate preparation for trial. This would include the time spent before the Fifth Circuit Court of Appeals. As for time spent out of court, however, both of the judges for this district have concluded on numerous occasions that the rate for work not of a strictly legal nature is $30 per hour. *See e. g., Cole v. Tuttle, supra*; *Neely v. City of Grenada*, 77 F.R.D. 484, 486 (N.D.Miss.1978); *Armstrong v. Reed*, 462 F.Supp. 496 (N.D.Miss.1978). That is the standard which this court adopts in the instant case.

### VI. *Whether the Fee is Fixed or Contingent.*

█ The plaintiff's attorneys do not make any representations in their affidavits as to the nature of their fee arrangement, if any, with the plaintiff. However, even if a contingent arrangement did exist the court's decision would certainly not look to this as a controlling factor, for it "is not what the parties agreed but what is reasonable." *Clark v. American Marine Corp.*, 320 F.Supp. 709, 711 (E.D.La.1970), *aff'd* 437 F.2d 959 (5th Cir. 1971). The arrangements which a litigant may have with his attorney should not control what the court finds to be a reasonable rate.

### VII. *Time Limitations Imposed by the Client or the Circumstances.*

As stated previously, this case is now almost four years old, and at various times during this period, counsel were required to give this case priority over other affairs. In a typical law practice, however, this is certainly not unusual, and the court finds that there were no extraordinary time limitations imposed upon the attorneys in this case.

### VIII. *The Amount Involved and the Results Obtained.*

Plaintiff's counsel were ultimately successful at the appellate level, and the plain-

tiff as a result was awarded $5,000 in compensatory damages and $5,000 in punitive damages. As the Fifth Circuit stated, an award of attorney's fees should not be denied where the defendants were found to have acted with malice to deprive the plaintiff of his rights. 595 F.2d at 994–95. Consistent with that opinion, this court concludes that the award should reflect the relief granted, and should also carry out the purpose of § 1988, that is, "to encourage plaintiffs deprived of constitutional rights to seek redress." 595 F.2d at 994.

### IX. *The Experience, Reputation and Ability of the Attorneys.*

Counsel for the plaintiff have appeared before this court on numerous occasions, and the court is familiar with their reputation and ability. Throughout the trial of this case, they demonstrated the skill and competence sufficient for this court to award attorney's fees commensurate with those which counsel of similar skill would collect for their services.

### X. *The "Undesirability" of the Case.*

The court has not received any information from plaintiff's counsel which would indicate that they have been adversely affected in their practice or have suffered in any other manner from their representation of the plaintiff. There is always a danger in civil rights cases that the plaintiff's attorneys will "face hardships . . . because of their desire to help the civil rights litigant." *Johnson v. Georgia Highway Express, supra,* at 719. *See also NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). The court is not inclined, however, to believe that such hardships existed in the instant case which should influence a determination of reasonable attorney's fees.

### XI. *The Nature and Length of the Professional Relationship With the Client.*

The attorneys here have represented the plaintiff for several years in connection with this case, but it does not appear that they have any other professional association with their client. The court does not believe that it should vary its fee award because of any other possible professional relationship between the attorneys and the plaintiff.

### XII. *Awards in Similar Cases.*

Both of the judges in this district have decided the question of reasonable attorney's fees on numerous occasions, and this court is guided once again by the standards established in these previous decisions. *See, e. g., Cole v. Tuttle, supra* ($45 for trial court work); *Neely v. City of Grenada, supra* ($45 in court and $30 out of court); *Peacock v. Drew Municipal Separate School District,* 433 F.Supp. 1072 (N.D.Miss.1977) ($40 in court and $25 out of court); *Latham v. Chandler,* 406 F.Supp. 754 (N.D.Miss. 1976) ($40 in court and $20 out of court). The court's award of attorney's fees in the instant case is certainly reasonable in light of the awards made in similar cases within this district. This court is aware that certain economic factors such as inflation have caused the hourly rates which attorneys demand to increase recently. *See Jordan v. Cagle,* 474 F.Supp. 1198 (N.D.Miss.1979). It must be remembered, however, that the hours for which the attorneys in this case demand compensation are spread throughout the past four-year period. Bearing in mind that the court must always be guided by what is reasonable, the court is not prepared to increase the hourly rate simply because we are determining in 1979 the proper amount of fees to be awarded for representation which dates as far back as 1974.

Based on these criteria and the consideration which the court has given to the affidavits of counsel, the court concludes that a reasonable attorney's fee to be awarded in this case is $11,000, which includes $5,000 for work in court (including the Court of Appeals), and $6,000 for work out of court.

■ As for the expenses involved in conducting the litigation, the plaintiff has included the costs of the action in his itemization of expenses. This sum of $174.34 is taxable to the defendant under 28 U.S.C.

§ 1920.[2] The remainder of the expenses appear to be reasonable and necessary, except for the postage, which should be absorbed by the plaintiff's attorneys as part of their overhead. The court will therefore award costs in the amount of $174.34, and expenses in the amount of $1,190.63.

An appropriate order will be entered.

## APPENDIX "A"

The court's itemization of counsel's hours and necessary expenses in this litigation may be summarized as follows:

1. P. J. Townsend, Jr.

| | |
|---|---|
| Hours in court | 48 |
| Hours out of court | 45 |
| Total | 93 |

2. Robert Lawson Holladay

| | |
|---|---|
| Hours in court | 64 |
| Hours out of court | 255.25 |
| Total | 319.25 |

3. John H. McWilliams

| | |
|---|---|
| Hours in court | 1 |

4. Joint hours (not specifically listed for any one attorney)

| | |
|---|---|
| Hours in court | 12 |
| Hours out of court | 5.5 |
| Total | 17.5 |

5. Total Hours

| | |
|---|---|
| In court | 125 |
| Out of court | 305.75 |
| Total | 430.75 |

6. Expenses

| | |
|---|---|
| Telephone | $ 105.90 |
| Mileage | 522.67 |
| Xeroxing | 462.06 |
| Postage | 4.87 |
| Hotel expenses | 100.00 |
| Total | $1,195.50 |

7. Court costs and other costs under 28 U.S.C. § 1920 — $ 173.34

2. This section provides that:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under Section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.