**Eddie Mitchell TASBY et al.**

v.

**Dr. Nolan ESTES, General Superintendent, Dallas Independent School District et al.**

No. CA 3–4211–C.

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 9, 1980.

Addendum to Court's Memorandum Opinion of Sept. 9, 1980, Sept. 17, 1980.

Edward B. Cloutman, III, Mullinax, Wells, Baab, Cloutman & Chapman, Patrick

---

A. White, Dallas Legal Services Foundation, Inc., Dallas, Tex., Vilma S. Martinez, Mexican American Legal Defense and Educational Fund, Inc., San Francisco, Cal., for plaintiffs.

Ernest Lemuel Haywood, Jr., Mahomes, Biscoe & Haywood, Dallas, Tex., Thomas I. Atkins, Gen. Counsel, NAACP Special Contribution Fund, New York City, for NAACP.

Robert L. Blumenthal, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for Curry, et al.

H. Ron White, Dallas, Tex., for Dallas Alliance.

Mark A. Martin and Robert H. Thomas, Strasburger & Price, Dallas, Tex., for Estes, Disd et al.

James G. Vetter, Jr., Vetter, Bates & Tibbals, Dallas, Tex., for Oak Cliff Citizens.

Lee E. Holt, City Atty., Lois C. Bacon, Asst. City Atty., Dallas, Tex., for City of Dallas.

James T. Maxwell, pro se.

John W. Bryant, Dallas, Tex., for Strom, et al.

James A. Donohoe, Gardere, Wynne & Jaffe, Dallas, Tex., for Brinegar, et al.

### MEMORANDUM OPINION

WILLIAM M. TAYLOR, District Judge.

The Court has before it several Motions for Attorneys Fees, filed by attorneys for the Plaintiffs in this case, Thomas E. Ashton, III, Edward B. Cloutman, III, and James M. Nabrit, III, and by the attorney for the Intervenor NAACP, E. Brice Cunningham.

The Court will outline briefly the factual background of these motions and then address the issues involved in them.

A. Background of Motions

Mr. Ashton became counsel of record (through his association with the Dallas Legal Services Foundation, Inc.) in 1977. Plaintiffs' attorney, Mr. Cloutman, has been in this case almost since its inception. Mr. Nabrit was asked by Mr. Cloutman to assist

in the writing of the brief for Plaintiffs in the Supreme Court. Neither this Court nor any other Court has given him permission to be included as counsel of record for the Plaintiffs.

After the entry of a "Final Order" on April 7, 1976, which embodied a new student assignment plan for the DISD, attorneys for Plaintiffs applied for and received attorneys' fees and costs as the prevailing party in the lawsuit. See *Tasby v. Estes*, 416 F.Supp. 644 (N.D.Tex.1976). Appeals were then taken by the NAACP and the Plaintiffs, and the Fifth Circuit remanded the case to this Court once again. *Tasby v. Estes*, 572 F.2d 1010 (5th Cir. 1978). After the order by the Court of Appeals, the Defendant Dallas Independent School District (DISD), the Curry Intervenors and the Brinegar Intervenors sought review by the Supreme Court via Petitions for Writs of Certiorari. The Writs were granted, and oral argument was heard on October 27, 1979. On January 21, 1980, the Supreme Court decided that the Writs were improvidently granted and remanded the case back to this Court for further proceedings consistent with the opinion of the Fifth Circuit.

In 1976 Plaintiffs asserted and the Court held that the student assignment plan ordered by the Court "incorporated almost every precept proposed by Plaintiffs for both student assignment and non–student assignment remedies." *Tasby v. Estes, supra*, 416 F.Supp. 644 at 647. Nevertheless, on appeal Plaintiffs urged that the student assignment plan should have included grades 9–12 in the pairings and clusterings, and should have included fewer one–race schools.

The NAACP contended on appeal that this Court erred by failing to include grades K–3 and 9–12 in the pairing and clustering adopted in the student assignment plan, and erred by leaving a great number of one–race schools in the East Oak Cliff sub-district.

The Fifth Circuit, in its opinion, stated that it "[could not] properly review any student assignment plan that leaves many

schools in a system one race without specific findings by the district court as to the feasibility of these techniques" (of desegregation approved in *Swann v. Charlotte–Mecklenberg Bd. of Ed.*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971)). *Tasby v. Estes, supra*, 572 F.2d 1010 at 1014. It directed this Court to consider time and distance studies with regard to the East Oak Cliff area and with regard to the remaining one–race high schools, and to make findings as to the feasibility of further pairings and clusterings. If pairings and clusterings are shown to be practicable in reducing or eliminating the number of one–race schools in East Oak Cliff and the number of one–race high schools, the Court is directed to make changes in the present plan to include such "techniques of *Swann*." If the utilization of pairing, clustering, or the other desegregation tools is not practicable in the DISD, then the district court must make specific findings to that effect.

In short, the Fifth Circuit has remanded the case to this Court for further fact–findings and for the institution of such changes in the student assignment plan as may be necessary as a result of such findings of fact.

B. Legal Issues

Plaintiffs' attorneys and the NAACP's attorney rely on Sec. 718 of the Emergency School Aid Act (20 U.S.C. § 1617) and 42 U.S.C. § 1988 for their entitlement to attorneys' fees and costs, and on 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure for their entitlement to out–of–pocket expenses. Sec. 718 authorizes a federal court to award, at its discretion, reasonable attorneys fees in a school desegregation case where a final order has been entered, the litigation was necessary to bring about compliance of a school district, and the party receiving the award was the prevailing party. The DISD contends that the claim for attorneys fees is premature since the action taken by this Court on remand might well result in the NAACP not being the prevailing party as to the remedy they introduced and their appellate issues, and in the Plaintiffs not being the

prevailing party on the issues on which they appealed.

The Court has wrestled with the issue of awarding attorneys fees at this point in time since Mr. Cunningham filed his motion on May 4, 1978. Indeed, three hearings have been held to discuss the issues involved in these motions. But the same obstacle remains for the Court, and that is that in order to determine who is the prevailing party there must be a final judgment entered to which one can look. This case is here once again on remand, for further findings of fact. If the findings justify the present plan, then the NAACP and the Plaintiffs (on the last appeal) will not be prevailing parties, and if the findings mandate changes in the present plan, then the NAACP and the Plaintiffs will be prevailing parties. At this point in time it is not possible to determine the status of the movants, and so it becomes clear that there is presently not a "final order" in the sense required by Sec. 718.

The Fifth Circuit recognized that there might sometimes be a question as to such finality in *Johnson v. Combs*, 471 F.2d 84 (5th Cir. 1972). In that case they stated that:

"Since most school cases involve relief of an injunctive nature which must prove its efficacy over a period of time, it is obvious that many significant and appealable decrees will occur in the course of litigation which should not qualify as final in the sense of determining the issues in controversy. The ultimate approach to finality must be an individual and pragmatic one. Such a matter should be committed to the determination of the trial court."

This Court has determined that the issues taken up on appeal to the Fifth Circuit in 1976 have not been finally decided by any court. This case was remanded for further findings of fact; it was not reversed. Only after further findings of fact have been entered by this Court and changes in the student assignment plan made if necessary, and upheld or reversed if appealed, can we say that a final order has

been entered and attorneys fees are appropriate. Therefore, the Court will keep under advisement the motions of Messrs. Ashton, Cloutman, and Cunningham.

■ However, the Court has concluded that the motion of Mr. Nabrit should be denied regardless of the outcome of the issues discussed above, which are determinative of the motions of Messrs. Cloutman, Ashton and Cunningham. There is a limitation upon the recovery of attorneys fees under Sec. 718. According to *Northcross v. Bd. of Ed. of Memphis*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973) and *Bradley v. Richmond School District*, 416 U.S. 696, 710, 94 S.Ct. 2006, 2015, 40 L.Ed.2d 476 (1973), attorneys fees are to be awarded "unless special circumstances would render such an award unjust." In this case, the Court is of the opinion that it would be inappropriate and indeed unjust to require the Defendant DISD to pay $50,160.00 for an attorney who was not counsel of record, whom the DISD did not know was involved in the case, and who spent more than 80 hours simply reading and studying transcripts and records in this case to bring himself up to date in order to assist in writing the brief. Although Mr. Cloutman was and is always free to associate anyone of his choosing to assist him in this lawsuit, the Court is of the opinion that the fees paid to such an assistant must be worked out between them, and that the DISD cannot be looked to for such payment.

For these reasons, the motion of Mr. Nabrit for attorney's fees is denied.

### ADDENDUM TO COURT'S MEMORANDUM OPINION DATED SEPTEMBER 9, 1980

The Court has before it Plaintiffs' Motion to Modify the Court's Memorandum Opinion Dated September 9, 1980, which Plaintiffs filed on September 12, 1980. The Court wishes to correct any factual errors in its September 9, 1980, Memorandum Opinion, and therefore recognizes that Mr. Edward B. Cloutman, III "filed this lawsuit and has been representing the Plaintiffs since day one of this lawsuit, unlike other counsel associated with Plaintiffs in this matter."

With regard to the association of Mr. James M. Nabrit, III, this Court has no knowledge of permission being granted by a court to Mr. Nabrit to represent the Plaintiffs in this case. However, even if the Supreme Court and the DISD did treat him as counsel of record in the Supreme Court, this Court is of the opinion that under the circumstances of this case it would be unjust to require the DISD to pay for his services. The Court is not holding (or reading *Northcross v. Bd. of Ed. of Memphis*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973) as holding) that awarding attorneys' fees to more than one or two counsel for one party is improper or unjust. Indeed, in 1976 this Court awarded attorneys' fees to Mr. Cloutman and to Ms. Sylvia M. Demarest, both of whom represented Plaintiffs in this case. Furthermore, this Court did not indicate that it would not consider awarding fees to both Mr. Cloutman and Mr. Ashton if Plaintiffs do in fact prevail on the issues presented on appeal. This Court is simply of the opinion that Messrs. Cloutman and Ashton were fully competent to pursue the appeal to the Supreme Court on behalf of the Plaintiffs, and could have done so without the aid of someone who was totally unfamiliar with the case. Again, Mr. Cloutman did nothing improper in associating Mr. Nabrit; but there is a limit to the fairness of requiring the DISD to pay for Plaintiffs' attorneys. The Court feels that Mr. Nabrit's request of $50,160.00 for aiding Plaintiffs' attorneys in one step of the appellate process falls outside the parameters of fairness and justice.