**Arthur J. BROWN, Plaintiff–Appellant,**

v.

**J. A. MILLER, Jr., etc., and Mississippi Telephone Corporation, etc., Defendants–Appellees.**

**No. 79–2445.**

United States Court of Appeals, Fifth Circuit. Unit A

Nov. 26, 1980.

See also 5th Cir., 631 F.2d 408.

Gary L. Roberts, Wm. Roberts Wilson, Jr., Pascagoula, Miss., for plaintiff–appellant.

James H. Lackey, Mobile, Ala., for defendants–appellees.

Before THORNBERRY, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

This is a companion appeal to *Brown v. Miller*, 631 F.2d 408 (5th Cir. 1980). The companion appeal was by defendants cast in damages in a civil rights action, 42 U.S.C. § 1983; in it, because of an erroneous evidentiary ruling, we vacated the award of damages and remanded for a new trial as to that issue.

The present appeal is by the plaintiff. He complains that the trial court abused its discretion by failing to award him an attorney's fee for the attorney's time in handling the civil rights action. See The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Because we have set aside the damage award (a principal predicate for the disallowance of attorney's fees by the district court), we vacate the trial court order relating to attorney's fees herein, and we remand for a determination of attorney's fees.

In the present instance, the plaintiff was awarded damages of $54,000. Following judgment, he moved for an order to fix attorney's fees. The record shows that the attorney had spent $672.90 for out–of–pocket expenses and 150.9 hours in the litigation; for the latter the plaintiff sought an allowance of $8,217.90 (150.9 hours at $50 per hour). The district court allowed only the out–of–pocket expenses ($672.90) plus court costs as attorney's fees. The district court allowed no award for attorney time because of the size of the jury verdict and the existence of a contingency fee contract.

The parties concede that, under the civil rights attorney's fee statute, a successful civil rights claimant should ordinarily be awarded attorney's fees "unless special circumstances would render such an award unjust." *Criterion Club of Albany v. Board of Com'rs of Dougherty County*, 594 F.2d 118, 120 (5th Cir. 1979). The defendant, of course, contends that such "special circumstances" are presented by the large contingency fee to be received by the claimant's attorney; the claimant notes that the fee paid by him to his attorney would be reduced by the amount awarded as attorney's fees (cf., *Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980).)

Since we have set aside the award in the companion appeal, we do not reach the merits of the contention, the predicate for the district court's action having mooted it and a remand to fix attorney's fees being required in any event. Nor do we reach the contention of the plaintiff that the district court failed to fix the attorney's fees in an articulated consideration of the guidelines suggested by us as appropriate in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[1] only two of which factors were considered. (The failure to articulate, by itself, might require remand, in the event that the reviewing court was uncertain that the two factors by themselves justified a non–allowance of any award for attorney time.)

For the reason stated, we vacate the award of attorney's fees and remand. Following a retrial of the damages, the trial court should in accordance with the *Johnson* guidelines determine the attorney's fees, taking into consideration the attorney's services at the former and the re–trial, and on the present and the companion appeal. See *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Davis v. Board of School Com'rs. of Mobile County*, 526 F.2d 865 (5th Cir. 1976).

---

1. In *Johnson*, we held that the district court should formally elucidate the factors which contributed to its attorney's fees award and that the following guidelines should control the district court's decision: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson*, 488 F.2d at 717–719.

We vacate the award and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.