**Eddie Mitchell TASBY, et al., Plaintiffs-Appellants,**

v.

**Dr. Nolan ESTES, General Superintendent, Dallas Independent School District, et al., Defendants-Appellees.**

No. 80–2109
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 17, 1981.

Mullinax, Wells, Baab & Cloutman, Dallas, Tex., Jack Greenberg, Charles S. Ralston, New York City, for plaintiffs-appellants.

Strasburger & Price, P. Michael Jung, Dallas, Tex., for Estes, DISD, et al.

E. Brice Cunningham, Dallas, Tex., for Elana Brice Cunningham & Eric Richard Dockery.

Before GEE, RUBIN AND RANDALL, Circuit Judges.

GEE, Circuit Judge:

This is an appeal from a judgment of the district court, 498 F.Supp. 1130, denying an application for attorneys' fees. Mr. James Nabrit, an attorney employed by the NAACP, had sought the award for work performed in a school desegregation suit brought by appellants Tasby and others against the Dallas Independent School District. In brief, a desegregation plan for Dallas area schools was formulated by the district court in 1976. *Tasby v. Estes*, 412 F.Supp. 1192 (N.D.Tex.1976). The case was appealed to this court, which remanded to the district court for formulation of a new plan and for findings of fact justifying the maintenance of any one-race schools that might be a part of that plan. *Tasby v. Estes*, 572 F.2d 1010, 1018 (5th Cir. 1978). The Supreme Court granted certiorari, heard oral argument, but thereafter dismissed the writs as improvidently granted. 444 U.S. 437, 100 S.Ct. 716, 62 L.Ed.2d 626 (1980).

Appellants filed the present motion seeking attorneys' fees for the appellate representation indicated above, having already, as "prevailing parties," been awarded attorneys' fees and costs for the trial. *See Tasby v. Estes*, 416 F.Supp. 644 (N.D.Tex.1976). Mr. Nabrit was called in by Mr. Cloutman, an attorney for appellants who had been in the case since its inception, to assist in writing the Supreme Court brief.

The motion sought fees under section 718 of the Emergency School Act of 1972, 20 U.S.C. § 1617 (now § 3205), and 42 U.S.C. § 1988. The district court held a hearing and rendered an opinion, taking under advisement the application of Cloutman and others, since the case had been remanded for further findings by this court and it was impossible to say who would ultimately be the "prevailing parties." *Tasby v. Estes,* 498 F.Supp. 1130, 1132–33 (N.D.Tex.1980). With respect to Mr. Nabrit, however, the court found that, in view of the competence and experience of attorneys Cloutman and Ashton in handling cases of this kind, the association of Nabrit in the case had been unnecessary. *Id.* at 1133. The court noted that special circumstances existed to render such an award unjust. *Northcross v. Memphis Board of Education,* 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973). At the time he was called in, Mr. Nabrit was entirely unfamiliar with the case, spending more than eighty hours "simply reading and studying transcripts and records to bring himself up-to-date in order to assist in writing the [appellate] brief." *Tasby v. Estes,* 498 F.Supp. at 1133. Final judgment was entered denying Nabrit's fee application, the court expressly ruling that its finding warranted denial of fees whether or not appellants ultimately proved to be the prevailing parties. The court also certified its order with respect to Nabrit's application as immediately appealable pursuant to Rule 54(b), Fed.R.Civ.P. Given the district court's findings set out above, we must find an abuse of discretion if we are to disturb its judgment.

 The attorneys' fee statutes are clear that an award of fees to a prevailing party lies within the discretion of the district court. 20 U.S.C. § 3205; 42 U.S.C. § 1988. Unless "special circumstances would render such an award unjust," however, a prevailing plaintiff is ordinarily entitled to attorneys' fees under 42 U.S.C. § 1988, *Brown v. Miller,* 631 F.2d 413, 414 (5th Cir. 1980); *Iranian Student Association*

*v. Sawyer,* 639 F.2d 1160, 1162–63 (5th Cir. 1981), and under section 718 of the Emergency School Aid Act, *Northcross v. Memphis Board of Education,* 412 U.S. at 428, 93 S.Ct. at 2202; *Johnson v. Combs,* 471 F.2d 84, 86 (5th Cir. 1972), *cert. denied,* 413 U.S. 922, 93 S.Ct. 3063, 37 L.Ed.2d 1044 (1973). The credentials and time sheets of Messrs. Cloutman and Nabrit are set out in their respective affidavits in the record. Both show wide experience in civil rights litigation. Mr. Cloutman's indicates long experience in federal appellate court practice, including cases before the Supreme Court. As the district court recognized, he was in this case since the very first day of the lawsuit, "unlike other counsel associated with plaintiffs in this matter." Thus, he was clearly qualified to prepare the Supreme Court brief without the necessity of Mr. Nabrit's assistance. Moreover, he was joined as counsel of record for appellants by the Dallas Legal Services Project and the Mexican-American Legal Defense and Educational Fund and had the benefit of their wide and relevant experience, also.

Even so, we conclude that an abuse was committed in denying Mr. Nabrit any compensation whatever for his work in connection with the Supreme Court proceedings. An examination of the time sheets indicates that, in great part, he wrote the Supreme Court brief. It follows that if he is not compensated for such work—which had to be done by someone—no one will be. As was observed by the Sixth Circuit in a similar case:

> A factor which the district court did expressly take into account in eliminating hours was its view that the services of the NAACP Legal Defense Fund had not been shown to be necessary. As noted above, the use of a number of attorneys frequently results in some duplication of effort, and a district court may take this factor into account by deducting some small[1] percentage of the total hours. It is impermissible, however, to eliminate wholesale the services of attorneys with-

---

1. For the further guidance of the district court, we note that we do not concur in the view expressed at this point in the opinion, if it be

taken as a general rule rather than, as it was there, an observation made in the factual setting of that case. Obviously, where duplication

out identifying the particular services which are regarded as duplicative. The NAACP attorneys provided the plaintiffs with many hours of service which were not provided by anyone else, particularly in connection with litigation in this Court and the Supreme Court. The services provided by the Legal Defense Fund clearly had to be provided by someone, and in fact, the attorney's intimate familiarity with the issues involved in desegregation litigation undoubtedly meant that their time was far more productive in this area than would be that of a local attorney with less expertise. We hold that the district court's exclusion of the services of the Legal Defense Fund from consideration for a fee award was an abuse of discretion.

*Northcross v. Board of Education*, 611 F.2d 624, 637 (6th Cir. 1979).

For the above reasons, the order of the district court is vacated and the matter remanded for further consideration in light of what we have written.

VACATED AND REMANDED.

of effort is found by the court to be not small, the court is not limited to making a small percentage reduction. Parties seeking the as-surance that clear representational overkill can provide must bear themselves the cost that it occasions.