Virginia A. **CURRY**, Individually and as a Class Representative, Plaintiff,

v.

**A.H. ROBINS COMPANY**, Ray Ravenholt, Individually and In His Official Capacity as Head of the Office of Population of the U.S. Agency for International Development, and Unknown Defendants, Defendants.

No. 83 C 1275.

United States District Court, N.D. Illinois, E.D.

May 2, 1984.

Andrew B. Spiegel, Chicago, Ill., for plaintiff.

Donald J. Brown (Robbins), Baker & McKenzie, Martin Lowery, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

In a memorandum opinion and order dated August 11, 1983, this Court granted Robins' motion for costs and attorneys' fees arising from its successful defense of Count III of Curry's complaint. Robins has submitted two statements of costs and fees, and the parties have filed memoranda concerning the amount which Robins should be awarded. For the reasons set forth below, the Court has determined that Robins is entitled to recover $4,754.64 in attorneys' fees and costs from Curry.

■ As explained in this Court's August 11, 1983 opinion, a defendant in a section 1983 suit may recover attorneys' fees if the plaintiff's action is meritless. 42 U.S.C. § 1988; *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Werch v. City of Berlin*, 673 F.2d 192, 195 (7th Cir.1982). In computing the appropriate fee award a court should consider various factors, including the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Bonner v. Coughlin,* 657 F.2d 931, 934 (7th Cir.1981); *Muscare v. Quinn,* 614 F.2d 577, 579 (7th Cir.1980). Generally, the determination of what fee is reasonable is left to the sound discretion of the trial judge. *Muscare,* 614 F.2d at 579–80; *Lund v. Affleck,* 587 F.2d 75, 78 (1st Cir.1978).

■ Robins' fee request is based on 119.5 hours of work by attorneys—110.3 hours by attorneys at the Richmond, Virginia firm McGuire, Woods & Battle ("MWB") and 9.2 hours by attorneys at the Chicago office of Baker & McKenzie. Curry first contends that Robins cannot recover any costs or fees generated by MWB because that firm is not counsel of record in this case. We disagree. The statutory provision for attorneys' fees, section 1988, contains no such restriction. Curry has failed to cite, and we have been unable to locate, any authority supporting her position. Indeed, the Fifth Circuit Court of Appeals has ruled otherwise, holding that a district court's denial of fees to an attorney who was not counsel of record constituted an abuse of discretion. *Tasby v. Estes,* 651 F.2d 287, 289–90 (5th Cir.1981). For purposes of recovering attorneys' fees, there is no principled distinction between attorneys who are counsel of record and those who are not—at least when the latter provides "many hours of service which were not provided by anyone else." *Id.* at 290, quoting *Northcross v. Board of Education,* 611 F.2d 624, 637 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 3000, 64 L.Ed.2d 862 (1980).

■ Baker & McKenzie has served as Robins' local counsel in this case, while MWB has acted as national coordinating counsel for Robins in this and approximately 6,200 other related lawsuits. Contrary to Curry's assertions, there is nothing improper about this arrangement.[1] Rather, as Robins explains, this may be the most efficient and sensible method for Robins to defend itself in the thousands of pending Dalkon Shield cases. Thus, Robins may properly recover attorneys' fees for work performed by both MWB and Baker & McKenzie.

■ Curry argues next that the time expended by Robins' attorneys to achieve the results obtained was unreasonable and excessive. We agree that the number of billable hours should be reduced. As noted above, MWB is coordinating the defense of Robins in thousands of similar lawsuits across the country. The legal issues presented in this case were fairly simple and commonplace, and they have no doubt occurred in other cases litigated by MWB on behalf of Robins.[2] Thus, even considering the fact that Robins' lawyers have worked on motions to dismiss, for attorneys' fees and costs, and for reconsideration, 119.5 hours is excessive for these relatively routine matters where it is reasonable to believe that a good percentage of MWB's legal work was common to MWB's responsibilities in the 6200 other law suits. Accordingly, the Court shall disallow recovery of fees for 50% of the hours billed.[3]

The hourly rates billed by the lawyers in this case range from $70 to $120, and average slightly more than $74. We believe that $75 is a reasonable hourly rate for all the work performed. Therefore, the attorneys' fees recoverable by Robins are $4,481.25, computed by multiplying 59.75 hours by $75 per hour.[4]

Robins also seeks recovery of $273.39 in costs. Curry's objections to these costs are without merit, as the costs are both reason-

1. Curry's claims that Robins violated certain local rules of this Court are meritless.

2. For example, Robins has referred to a case in Massachusetts similar to this one in which the same two MWB attorneys participated.

3. *See, e.g., Gagne v. Maher,* 594 F.2d 336, 345 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (trial court did not err by disallowing half the hours worked where the issues were relatively simple and most attorneys would not have spent as much time on the case); *Cole v. Tuttle,* 462 F.Supp. 1016, 1020 (N.D.Miss.1978) (where attorneys devoted more time to case than necessary, court disallowed roughly half the hours charged).

4. Disallowing 50% of the 119.5 hours requested yields 59.75 hours.

able and sufficiently explained. Robins is thus entitled to recover the total amount of costs sought.

Accordingly, Robins may recover from Curry a total of $4,754.64 in attorneys' fees and costs. It is so ordered.