**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE R. RODRIGUEZ,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>FARMERS INSURANCE COMPANY<br>OF ARIZONA; et al.,<br><br>          Defendants - Appellees. | No. 14-56031<br><br>D.C. No. 2:09-cv-06786-JGB-<br>AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted May 2, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiff Rene Rodriguez settled a class action against defendant insurance

companies and asked the district court to award attorneys' fees, expert fees, and

costs. The district court awarded Rodriquez attorneys' fees and costs, but declined

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to award expert fees.  On appeal, Rodriquez challenges the district court's denial of expert fees.  We affirm.

We review a denial of fees for an abuse of discretion; we must therefore "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

District courts have discretion to reimburse expert witness fees if the expert's services were "crucial or indispensable" to the action.  *United States v. City of Twin Falls, Idaho,* 806 F.2d 862, 878 (9th Cir. 1986), *overruled on other grounds as recognized by Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551-52 (9th Cir.1992); *see also In re Media Vision Tech. Sec. Litig.,* 913 F. Supp. 1362, 1367 (N.D. Cal. 1996).  An "application for expert witness fees should be given 'careful scrutiny,' and district courts should exercise their discretion 'sparingly.'"  *City of Twin Falls, Idaho,* 806 F.2d at 878.

Rodriquez's motion for expert fees provided virtually no evidence from which the district court could determine whether her experts were crucial or indispensable, or even whether they were qualified.  Rodriquez's motion failed to disclose (1) how many hours the experts worked, (2) what precisely each expert did, (3) why each expert was crucial to the settlement, or (4) which experts actually

worked on the case. Given the dearth of evidence Rodriquez provided, the district court's denial was clearly "support[ed] in the record" and thus not an abuse of discretion. *See TrafficSchool.com, Inc.*, 653 F.3d at 832.

Rodriquez suggests that she should have been given a second opportunity to fix her defective motion. But when a party fails to file a proper motion and loses, then later fixes her mistake and wants the court to reconsider—she must meet the demanding standard applied to a motion for reconsideration. *See School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (requiring a showing of new evidence, clear error, or an intervening change in controlling law). Rodriquez has not argued for reconsideration, nor is there any indication that she could have met the requirements for reconsideration.

The judgment of the district court is **AFFIRMED**.